# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICARDO MORALES, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | Case No. 4:19CV2135 HEA |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' "Motion to Recuse Judge Autry [sic] in the Alternative Certify the Issue to the United States Court of Appeals for the 8th Circuit," [Doc. No 5]. For the reasons set forth below, the Motion is denied.

The standard for recusal is that a "judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). The standard is an objective one, in which the question posed is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (quoting *Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). In practice, the standard requires a showing that "the judge had a disposition so extreme as to display clear

inability to render fair judgment." *Id.* (citation and internal marks omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Fletcher v. Conoco Pipe line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). Defendants have not met this burden. Defendants' reasons for seeking this Court's recusal are that the Court was formerly a judge for the St. Louis Circuit Court, a "court known for outlawery and injustice," and the Court has a history of employment with law enforcement prior to being a judge. Defendants go on to state various vague allegations of the Court's history with nothing more to substantiate any of their allegations. They have failed to satisfy the heavy burden of proof to overcome the presumption of impartiality in this matter.

Accordingly,

**IT IS HEARBY ORDERED** that Defendants' "Motion to Recuse Judge Autry [sic] in the Alternative Certify the Issue to the United States Court of Appeals for the 8th Circuit," [Doc. No. 5], is denied.

**IT IS FURTHER ORDERED** that the Court will deny the request to certify the issue to the Circuit Court for the 8th Circuit Court of Appeals.

Dated this 12th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE