UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STATE OF MISSOURI, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 4:19-CV-2135 HEA |
| RICARDO MORALES et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a motion by defendants Ricardo Morales, Melvin Leroy Tyler and Timothy Garnett[1] titled, "Federal Removal". For the reasons discussed below, defendants' request to "remove" their closed criminal actions must be denied, and this action will be dismissed without prejudice.

**Background**

Defendants are pro se litigants currently incarcerated in the Jefferson City Correctional Center in Jefferson City, Missouri. According to the Missouri Department of Corrections, Ricardo Morales is currently serving a 45-year sentence. Melvin Leroy Tyler is currently serving a 185-year sentence.

On August 4, 1978, defendant Melvin Leroy Tyler was convicted of two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382

---

[1] Defendants Melvin Leroy Tyler and Ricardo Morales have submitted separate motions for leave to proceed in forma pauperis in this action. However, defendant Timothy Garnett has not submitted a motion for leave to proceed in forma pauperis. Moreover, it is not clear from the pleading that Mr. Garnett has signed the pleading on his own behalf, as he has not presented any arguments relating to his conviction or sentence. Therefore, he will not be considered a proper defendant in this action and will be removed from the Docket.

(Mo. Ct. App. 1981). He was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. *Id*. All terms were ordered to be served consecutively. *Id*.

The Missouri Court of Appeals reversed defendant Tyler's armed criminal action conviction based on double jeopardy. *Id*. at 387. The judgment was affirmed in all other respects. *Id*.[2] Defendant has since attempted to seek post-conviction relief through the state courts, but those attempts have not been successful. *See Tyler v. State*, 18 S.W.2d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009).

Defendant Tyler also filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Tyler v. Armontrout*, 917 F.2d 1138, 1139 (8th Cir. 1990). The District Court denied his petition on July 12, 1989. *Id*. at 1140. The Court of Appeals affirmed the denial in all respects. *Id*. at 1143. Defendant has made various other attempts to seek habeas relief in federal court, to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821, at *1 (8th Cir. 1994) (unpublished opinion) (noting that instant petition was "not the first habeas petition filed by [defendant] for the purpose of challenging these convictions…It is either the fifth or sixth such petition").

On July 27, 2010, defendant Ricardo Morales was charged with thirteen counts of statutory rape in the first and second degree and statutory sodomy in the first and second degree.

---

[2] The Court notes that defendant was also convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court in 1977. *State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979). His conviction was affirmed on direct appeal. *Id*. at 934. He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984). The dismissal of his habeas petition was affirmed. *Id*. at 1211. Defendant also pursued post-conviction remedies in state court but was unsuccessful. *See Tyler v. State*, 794 S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011). Defendant was later allowed to file a successive federal habeas petition pursuant to § 2254. *Tyler v. Purkett*, 413 F.3d 696, 698 (8th Cir. 2005). However, the Court of Appeals found there was no basis on which to grant habeas relief. *Id*. at 705.

*State v. Morales*, No. 1022-CR3880 (22nd Judicial Circuit, St. Louis City Court). Morales moved for a judgment of acquittal at the close of the trial. The trial court granted defendant Morales' motion as to Count XI (one count of statutory sodomy in the second degree) and denied it in all other respects. A jury convicted Morales of twelve counts of the indictment and the trial court sentenced him to 15 years in counts I (statutory sodomy in the first degree), III, and IV (both were statutory rape in the first degree), to run consecutively, and 10 years on counts V, VI, VII, and VIII (statutory rape and statutory sodomy in the first degree) to run concurrently, and 7 years on counts IX, X, XII, and XIII (statutory rape and statutory sodomy in the second degree) to run concurrently. *Id.*

Morales appealed his conviction and sentence on June 4, 2012, and the Missouri Court of Appeals affirmed the conviction on September 3, 2013. *Morales v. State*, No. ED98553 (Mo. Ct. App.2013). He filed his post-conviction motion to vacate his sentence on January 24, 2014. *Morales v. State*, No. 1422-CC00191 (22nd Judicial Circuit, St. Louis City Court). His motion to vacate was denied on March 28, 2016. *Id.*

Morales filed a post-conviction appeal on April 27, 2016. *Morales v. State,* No. ED104364 (Mo. Ct. App. 2017). It was denied on October 5, 2017, and the mandate was entered on October 18, 2017. *Id.* Morales filed his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on May 16, 2014, and the writ was denied on September 27, 2017. *Morales v. Cassady*, 4:14-CV-943 NAB (E.D.Mo 2017). The Eighth Circuit Court of Appeals denied a certificate of appealability to Morales on July 3, 2018. *Morales v. Cassady*, No. 18-1621 (8th Cir. 2018).

On August 28, 2015, defendant Tyler, along with two other inmates, filed a document titled "Petition for Federal Removal" against the State of Missouri. *State of Missouri v. Kniest, et*

*al.*, No. 4:15-cv-1352-HEA (E.D. Mo.). In his petition, defendant alleged that the Missouri court system was an organized criminal enterprise and "corrupt from bottom to top." He stated that pro se litigants could not enforce their rights in any circuit or appellate court in the state. As such, he sought to remove *State v. Tyler*, No. 77-232[3] to federal court. On September 22, 2015, this Court denied defendant's petition for removal. In doing so, the Court noted that it was unclear whether defendant's case had ever been removed from state court by the filing of his petition, since the criminal case was closed. Nonetheless, the Court remanded this action back to the St. Louis City Court.

On December 11, 2015, defendant Tyler, along with two other inmates, filed a document titled "Petition for Removal of Pending Criminal Cases/Appeals/Motions." *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo.). In the petition, defendant alleged that the state court had intentionally and maliciously delayed the processing of his pending motion to appeal. He again sought to remove his case, *State v. Tyler*, No. 77-232, to federal court. The District Court dismissed defendant's petition on January 4, 2016 due to defendant's failure to pay the filing fee. Defendant appealed the dismissal and the Eighth Circuit Court of Appeals summarily affirmed on June 27, 2016. *State of Missouri v. Kniest, et al.*, No. 16-1314 (8th Cir. 2016).

Despite the case being closed, defendant Tyler filed a motion titled "Motion for Specific Orders in Compliance with 28 U.S.C. 1447(c) and to Modify the Order without Prejudice to File a 42 U.S.C. 1983 Suit and Pendent State Claims Forthwith." The motion sought a certified remand order to the Circuit Court of the City of St. Louis. The district court denied the order as frivolous. In explanation, the District Court noted that "[t]he state criminal cases were never properly removed to this Court because they were closed long before defendants brought this

---

[3] The Court has been unable to locate a case by this number on Case.net, Missouri's online case management system. However, the Court has been able to determine information about defendant's underlying case by viewing both state and federal appellate decisions.

4

action." Once again, defendant appealed. The Eighth Circuit Court of Appeals summarily affirmed the District Court on September 5, 2017. *State of Missouri v. Kniest, et al.*, No. 17-1704 (8th Cir. 2017).

On October 18, 2016, defendant Tyler filed a document that was docketed as a writ of habeas corpus but was titled "Federal Removal." *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo.). In the petition, defendant claimed to be a "political prisoner" without any rights, and that "politicians run the show and money buys justice." He further asserted that he was framed; that his witnesses were terrorized; that prosecutors manufactured evidence and used perjured testimony; and that he was factually innocent. Attached to the petition was a "Notice of Criminal Case Removal" in which defendant purported to remove *State v. Tyler*, No. 77-232 and *State v. Tyler*, No. ED40843 (Mo. Ct. App.).[4]

The District Court dismissed this action without prejudice on October 25, 2016. In doing so, the District Court noted that it did not have jurisdiction to remove a case that has been closed. Defendant appealed the dismissal. However, on February 6, 2017, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability. *Tyler v. State of Missouri*, No. 16-4269 (8th Cir. 2017).

Defendant Tyler filed another "removal action" on March 21, 2019. *State v. Tyler,* No. 4:19-cv-546 HEA (E.D.Mo.). The Court denied the application for removal and dismissed the action on July 19, 2019.

On June 19, 2019, defendant Tyler and defendant Morales filed a joint application for petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Morales, et al. v. Ramey*, No. 4:19-CV-1791 CDP (E.D.Mo.2019). This action has not yet been submitted for Rule 4 review under the Rules of Habeas Corpus.

---

[4] *State v. Tyler*, No. ED40843 was plaintiff's direct appeal to the Missouri Court of Appeals.

**Defendants' Action**

The action presently before the Court is titled "Federal Removal." In their "Jurisdictional Statement," defendants assert that the Circuit Court of St. Louis City has a policy that denies equal protection of the law to convicted persons without special counsel and allows remedies only for those who can afford counsel. Defendants assert that "Missouri illegally and unconstitutionally offers resentencing remed[ies] to convicted persons with high profile lawyers complete out of time and at the same time push poor poverty-stricken convicted persons under the table."

Thus, defendants seek an Order from this Court requiring the Missouri State Attorneys' Office to waive procedural bars as to timeliness and exhaustion in their state habeas corpus and post-conviction relief cases so that they may proceed with their claims for relief from their state court criminal convictions. Alternatively, defendants seek the appointment of a special prosecutor on defendants' criminal cases who would be forced to waive the procedural bars. As noted previously, defendants believe they are entitled to such relief because they believe as poverty-stricken pro se litigants, they believe their rights have been violated under the Equal Protection Clause when they attempted to bring their claims challenging their convictions pro se.

**Documents Attached to the "Federal Removal"**

Defendants have attached a series of St. Louis Post Dispatch articles to their action relating to prior St. Louis Circuit Attorney Kim Gardner. It appears that they believe that the Office of the St. Louis Circuit Attorney is corrupt and should be replaced with someone appointed by the District Court's choosing.

Also attached to the "Federal Removal" is Melvin Leroy Tyler's separate Jurisdictional Statement, which sets forth why Tyler believes the Missouri State Court lost jurisdiction over his

criminal action in 1978. Defendant Tyler states that on July 20, 1978, he filed a timely removal notice on Judge Daniel Tillman and Circuit Attorney Richard Callahan. He refers this Court to his soliloquy set forth in *State v. Tyler,* No. 4:19-cv-546 HEA (E.D.Mo.). Tyler stated that his removal occurred when he placed it in the St. Louis City Jail mailing system, with postage prepaid in 1978. Thus, he seems to argue, that the St. Louis City Circuit Court had no jurisdiction to find him guilty in his state criminal action. The Court reviewed this argument prior and found it unavailing, denying and dismissing his application for removal on July 19, 2019. *Id.*

Defendants have also attached records relating to what appears to be state court litigation relating to requests for DNA testing, as well as a request for appointment of special prosecutor in this Court for DNA testing. *See, e.g., Tyler v. Schollmeyer*, No. 15OS-CC-00013 (20th Judicial Circuit, Osage County Court).[5]

### Discussion

In this action, defendants seek removal of their state criminal cases to federal court. The arguments attached to their "Federal Removal Jurisdictional Statement" also indicates an attempt to seek injunctive relief pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court will deny defendants' motion for removal and dismiss defendants' request for injunctive relief brought pursuant to 42 U.S.C. § 1983.

**A. Removal**

---

[5]It appears that Tyler filed a motion for post-conviction DNA testing under Mo.Rev.Stat.§ 547.035 which was denied, with that denial affirmed on appeal. *State v. Tyler*, 142 S.W.3d 785 (Mo.Ct.App. 2004). A second motion for DNA testing was also denied on June 13, 2006. Tyler filed a third motion for DNA testing pursuant to § 547.035 on January 20, 2009. The motion was denied by the Honorable Keith M. Sutherland, a Circuit Judge in the Twelfth Judicial Circuit, apparently sitting on special assignment, on February 9, 2009. Although the record is unclear, on September 3, 2009, Tyler either refiled the same motion for DNA testing or filed a new post-conviction motion under § 547.035, and on October 6, 2009, this motion was denied by Judge Van Amburg on December 8, 2009. Tyler appealed to the Western District Court of Appeals, who affirmed the denials under § 547.035 on September 20, 2011. *Tyler v. State*, No. WD72717 (Mo.Ct.App. 2011).

Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). The statute providing for removal that is implicated in this case provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

Neither prong of § 1443 is applicable to defendants' cases. First, defendants do not allege that Missouri violated their rights on account of their race. Rather, defendants allege that they were "discriminated against based on their poverty" and because they are acting without counsel.[6] Thus, § 1443(1) is inapplicable. Second, there is no indication whatsoever that

---

[6] Although defendants assert that their "equal protection" rights have been violated, a plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of

8

defendants are federal officers or persons assisting a federal officer in the performance of official duties. Therefore, § 1443(2) is inapplicable.

More fundamentally, defendants cannot remove cases that have already been closed. As noted above, defendant Tyler was convicted in state court on August 4, 1978. He filed a direct appeal. His convictions for two counts of first-degree robbery by means of a deadly weapon and two counts of assault with intent to commit rape without malice aforethought were affirmed on August 18, 1981. Defendant's motion for rehearing and/or transfer to the Missouri Supreme Court was denied on September 21, 1981, while a subsequent application for transfer was denied November 10, 1981. Thus, there is no pending criminal action to be removed.

Similarly, defendant Ricardo Morales was convicted and sentenced in state court on May 25, 2012, to twelve counts of statutory rape in the first and second degree and statutory sodomy in the first and second degree. *State v. Morales*, No. 1022-CR3880 (22nd Judicial Circuit, St. Louis City Court). His convictions were affirmed by the Missouri Court of Appeals on September 3, 2013. *Morales v. State*, No. ED98553 (Mo. Ct. App.2013). While his post-conviction motion to vacate his sentence was denied on March 28, 2016. *Morales v. State*, No. 1422-CC00191 (22nd Judicial Circuit, St. Louis City Court). The appeal of the denial was also affirmed on April 27, 2016. *Morales v. State,* No. ED104364 (Mo. Ct. App. 2017). And this Court denied Morales' habeas corpus petition on September 27, 2017. *Morales v. Cassady*, 4:14-CV-943 NAB (E.D.Mo 2017).

---

governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment").

This is the fifth attempt by defendant Tyler to remove *State v. Tyler*, No. 77-232. This Court denied defendant Tyler's first removal action on September 22, 2015. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA (E.D. Mo.). In doing so, the Court noted it was unclear whether defendant Tyler had removed his action from the state court as the case was technically closed. Nonetheless, the Court remanded the action to state court. The District Court dismissed defendant Tyler's subsequent attempt at removal for failing to pay the filing fee. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo. Jan. 4, 2016). The District Court later denied defendant's motion for remand to the state court because his action was never properly removed in the first place. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo. Feb. 23, 2017). Defendant Tyler's third attempt at removal was dismissed on October 25, 2016. *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo.). In dismissing the action, the District Court noted that it had no jurisdiction to remove his case because it was already closed. The Court denied Tyler's fourth attempt on July 19, 2019. *State v. Tyler,* No. 4:19-cv-546 HEA (E.D.Mo.).

Defendants are trying to remove cases in which they have already been convicted, and in which they have already exhausted their appeals processes. For these reasons, defendants' action for removal must be denied. As there is no indication that there are ongoing criminal cases, the matters will not be remanded to state court.

**B. Section 1983 Claims**

The arguments reflected in defendants' "Jurisdictional Statement" purports to be both a removal action and an action pursuant to 42 U.S.C. § 1983 asserting a violation of defendants' equal protection rights. As noted above, defendants have not stated an equal protection argument. Additionally, to the extent that defendants are attempting to request injunctive relief under §

1983, with the appointment of a special prosecutor to waive their procedural bars so that they may once again attack their criminal convictions, these claims must be denied.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id*.

The principles of *Heck* were further applied by the Supreme Court in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), to a § 1983 damage action in which an inmate alleged due process violations for procedures used in disciplinary hearing that resulted in deprivation of good time credits. The Supreme Court concluded that the state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983". Under Heck, the Court looks to the essence of the claims brought by defendants in this action.

11

The essence of defendants' claims challenges harm caused by actions whose unlawfulness would render a conviction or sentence invalid. Thus, defendants' equal protection arguments, or assertions regarding the need for an appointment of a special prosecutor to waive their procedural bars, are barred under *Heck* and/or *Edwards*. *See, e.g., Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (finding that an equal protection claim, like a due process damage claim, is a direct attack on the validity of a disciplinary decision that resulted in a loss of good time credits).

Moreover, the Court notes that defendants are essentially seeking a petition for writ of mandamus over Missouri State Officers, pursuant to 28 U.S.C. § 1651. Such an application is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). The actions of the Missouri States Attorneys or Missouri State Court judges are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to proceed in forma pauperis (Docket No. 2 and 3) are **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Timothy Garnett shall be vacated from the Docket as he has not submitted a motion to proceed in forma pauperis or paid the filing fee in this action.

**IT IS FURTHER ORDERED** that defendants' action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of August, 2019.

                                                HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE